October 23rd, 1911.

———o———

5182.

(Court of Appeal, Parish of Orleans.)

## E. K. JENNINGS vs. JOHN C. TRAINOR.

The term public officer in Article 647, Code of Practice, is synonymous with public employment; and all who are engaged in the public service hold public office within the meaning of said article.

Appeal from the First City Court, Division "B."

Woodville & Woodville; for defendant in injunction and appellee.

Geo. F. Bartley, for plaintiff in injnction and appellant.

ST. PAUL, J.—The only question here presented is whether defendant's salary be exempt from seizure for debt, as being money due for the salary of a public officer.

Defendant is an employee of the City Board of Health, a public body corporate; charged by law with the care of sanitary affairs in the City of New Orleans, and supplied with public funds for that purpose.

His position is not one expressly and specially created by law, but he performs duties designated by said board, at a salary fixed and paid by it, and holds his position at its pleasure.

In **Winston vs. City, 4 Ct. of Ap. 169**, this Court held that a position created and provided for by city ordinance was an office within the meaning of C. P. 647. Hence it follows that there are other public officers than those expressly and specially created by the Legislature itself.

And in **King vs. Seymour, 5 Ct. of Ap. 78**, it was held that a position neither expressly provided for by the Legislature, nor by ordinance of the City Council, but created and provided solely by a public board, acting within the scope of its authority, was a public office within the meaning of C. P. 647.

From this it follows that the nature of the employment is to be determined solely by the character of the duties to be performed without reference to the particular authority by which those duties are defined.

It is true that in both of these cases reference was

made, and some stress laid on the permanency of tenure; but we do not think that this is essential.

For it is well known that many persons in the public service hold their positions at the pleasure of some board or higher official, such as secretaries, attorneys, physicians, engineers, superintendents, chief clerks and others; and yet no one doubts that these employments are public offices, notwithstanding the instability of the tenure by which the incumbents hold.

Indeed there is nothing occult about the word "office." Its primary meaning is "service' 'or "employment";

See **Century Dictionary, Verbo; office.**

By custom the word has come to be applied more particularly to the public service, so that to seek or hold "office" now generally means to hold or seek public employment.

But the permancy of the tenure has no bearing on the nature of the employment. Otherwise the Clerk of this Court whose term of office is for four years would hold an office and be a public officer; whilst the Clerk of the Supreme Court, who holds his position at the pleasure of that Court would hold no office and be a simple employee of that Court; which would be a "reduatio ad absurdum."

Hence it is our conclusion that the term public office, in Article 647 of the Code of Practice is synonymous with public employment, and that all those who are engaged in the public service hold public office within the meaning of that article.

We therefore think that defendant's salary is exempt from seizure under the provisions or Article 647 C. P., and accordingly,

It is ordered, adjudged and decreed that the judgment herein be annulled, avoided and reversed, and it is now

ordered that there be judgment in favor of John C. Trainor, defendant in suit and plaintiff in injunction, and against E. K. Jennings, plaintiff in suit and defendant in injunction, perpetuating the injunction herein issued anu restraining the said E. K. Jennings and W. A. Brady, Constable of the First City Court from proceeding furtner with the seizure of the salary due said Trainor as an employee of the City Board of Health, and setting aside said seizure and directing the delivery to said Trainor of any money so seized herein; the said E. K. Jennings to pay all costs of said seizure and injunction in both Courts.

Dufour, Judge, takes no part.

October 23rd, 1911.

———o———

## 5310.

(Court of Appeal, Parish of Orleans.)